UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20119-JLK

SERGIO HEDDING,

       Plaintiff,

v.

ET PUBLISHING INTERNATIONAL, LLC,
a foreign limited liability company, and
PORFIRIO SANCHEZ GALINDO, individually,

       Defendants.
_____/

### REPORT AND RECOMMENDATION[1]
### ON PLAINTIFF'S MOTION TO REOPEN CASE

**THIS CAUSE** came before the Court upon Plaintiff Sergio Hedding's Motion to Reopen Case ("Motion"). ECF No. [10]. Defendant ET Publishing International, LLC ("ET Publishing" or "Defendant") filed a Response in Opposition, ECF No. [11], and Plaintiff filed a Reply, ECF No. [12]. On October 15, 2019, the undersigned heard oral argument on Plaintiff's Motion. ECF No. [15]. Therefore, this matter is ripe for disposition. Upon consideration of Plaintiff's Motion, Defendant's Response, Plaintiff's Reply, the parties' oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion, ECF No. [10], be **DENIED**.

---

[1] The Honorable James Lawrence King, United States District Judge, referred Plaintiff's Motion to the undersigned. ECF No. [13].

**I.      BACKGROUND**

This is an action for unpaid overtime wages resulting from Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (2018) ("FLSA").  On January 31, 2019, the District Court granted Defendant ET Publishing's Motion to Compel Arbitration and Stay Litigation, directed the parties to proceed to arbitration, and stayed this matter pending the conclusion of the arbitration.  ECF No. [6] at 2.

On June 12, 2019, Plaintiff initiated the arbitration with the American Arbitration Association ("AAA"), the entity selected in the Arbitration Agreement to arbitrate the dispute. ECF No. [8-1].  On June 14, 2019, AAA sent the parties a letter informing them that the balance of Plaintiff's filing fee in the amount of $100.00 remained unpaid, as well as requesting Defendant to pay its own filing fee in the amount of $1,900.00 on or before June 28, 2019.  ECF No. [11-1]. AAA's correspondence explained that AAA would proceed with the arbitration upon receipt of the balance of the filing fee.  *Id*.

On July 22, 2019, AAA sent a second letter to the parties notifying them that AAA had administratively closed their arbitration file because Defendant had failed to submit the previously requested filing fee.  ECF No. [10-1].  The letter also noted that AAA will "decline to administer any future employment matter" involving Defendant because it had "failed to comply with the Employment Arbitration Rules and Employment Due Process Protocol[.]"  *Id*.  The letter asked Defendant to remove AAA from its arbitration agreements to avoid confusion to the public.  *Id*.

On July 26, 2019, AAA sent an email to counsel for both parties regarding an unrelated matter.  ECF No. [11-4].  However, the body of the email specifically made reference to this matter by case number and noted that "[t]he case can be re-opened upon receipt of the employer's portion

of the filing fee and the [plaintiff's] consent to move forward as originally filed." *Id*. at 1.  On July 30, 2019, Defendant paid its filing fee in full.  ECF Nos. [11] at 2, [11-4] at 1.

On August 29, 2019, Plaintiff filed the instant Motion seeking to reopen the case because AAA would no longer administer arbitration in this matter due to Defendant's failure to pay its filing fee and comply with AAA's procedures, as stated in AAA's July 22, 2019 correspondence.  ECF No. [10] ¶ 6.  Plaintiff argues that because Defendant failed to comply with the requirements of the arbitration, it "acted inconsistent with an intent to arbitrate."  *Id*. ¶ 8.

On September 9, 2019, Defendant's counsel emailed AAA regarding the status of the matter.  ECF No. [11-3] at 2.  That same day, Plaintiff's counsel responded that Plaintiff "object[ed] to any reconsideration of Defendant's late-submitted check for fees on this matter," and requested that "AAA keep this matter closed, consistent with the AAA correspondence from July 22, 2019."  *Id*. at 1.  Then, on September 10, 2019, AAA explained that pursuant to Plaintiff's objection to reopen the case, the arbitration will remain closed.  *Id*.

On September 11, 2019, Defendant filed its Response in Opposition to Plaintiff's Motion arguing that the termination of the arbitration was "ultimately caused" by Plaintiff, who refused to arbitrate, and not because Defendant waived its right to arbitrate.  ECF No. [11] at 3.  Although Defendant concedes that it was delayed in paying the arbitration filing fee, Defendant argues that a mere delay in paying the filing fee does not constitute a waiver of the right to arbitrate.  *Id*. (citing *Hiotakis v. Celebrity Cruises Inc.*, No. 10-22954-CIV, 2011 WL 2148978, at *9 (S.D. Fla. May 31, 2011).  Defendant maintains that the arbitration was closed because subsequent to Defendant paying the filing fee, Plaintiff refused to arbitrate and requested that AAA keep the matter closed.  *Id*.  Defendant notes that in a similar case where Defendant was also delayed in paying its arbitration fee, AAA permitted the parties to proceed with the arbitration after plaintiff agreed to

3

reopen the case. *Id*. Thus, Defendant argues that the matter would be in arbitration, but for Plaintiff's objection to reopen the arbitration proceedings after Defendant paid the filing fee. *Id*.

In his Reply, Plaintiff argues that he is not to blame for Defendant's failure to timely pay its filing fee. ECF No. [12] ¶ 6(a). Plaintiff relies on AAA's July 22, 2019 correspondence to demonstrate that the arbitration was closed due to Defendant's non-payment. *Id*. ¶ 6(b). Plaintiff argues that *Hiotakis*, the case relied on by Defendant, is distinguishable because in that case the defendant did not act inconsistent with its intent to arbitrate because it had been in negotiations with AAA over a discounted filing fee, whereas here, Defendant acted inconsistent with their right to arbitrate. *Id*. ¶ 6(d).

## II.    ANALYSIS

"In determining whether a party has waived its right to arbitrate, the Eleventh Circuit applies a two-part test, first deciding if under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, whether that party has in some way prejudiced the other party." *Hiotakis*, 2011 WL 2148978, at *8 (internal quotation omitted); *see Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002). A mere delay in paying the arbitration filing fee is insufficient to support waiver. *Id*.; *see Air Prod. and Chemicals, Inc. v. Louisiana Land and Expl. Co.*, 867 F.2d 1376, 1380 (11th Cir. 1989) (applying Florida law and affirming the district court's finding that mere delay did not constitute waiver). Indeed, the party arguing waiver of arbitration bears a heavy burden of proof because federal law favors arbitration. *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

Here, Defendant did not act in a manner that was inconsistent with its right to arbitrate. Although Defendant failed to timely pay the arbitration filing fee, the record shows that Defendant paid the arbitration filing fee, which was due on June 28, 2019, on July 30, 2019—only a few days

after AAA informed Defendant on July 22, 2019 that it had administratively closed the arbitration due to its failure to pay the filing fee. ECF No. [11] at 2. According to Defendant, the delay in paying the arbitration filing fee was a result of administrative delays in approving the payment internally and was not inconsistent with its right to arbitrate.

Although the failure to pay the fee can be evidence of a party acting inconsistently with its right to arbitrate, under the totality of the circumstances, the undersigned does not find that the late payment in this case is sufficient to conclude that Defendant has waived its right to arbitrate. In *Hiotakis*, the district court held that plaintiff failed to show that defendant's delay in paying the arbitration filing fee constituted a waiver of defendant's right to arbitrate. 2011 WL 2148978, at *9. Specifically, the district court reasoned that because defendant's delay in paying the filing fee was caused by defendant's negotiations with AAA over a discounted fee, plaintiff had failed to meet its heavy burden to establish waiver. *Id*. Like the district court in *Hiotakis*, the undersigned is unpersuaded that Defendant's delay in paying the arbitration filing fee is sufficient to establish waiver. Here, Defendant made the payment only a few days after learning the arbitration had been closed for failure to make the payment. In addition to ultimately paying the outstanding arbitration fee, Defendant argued that the delay in making the payment was due to administrative issues with the payment's approval, and not due to an unwillingness to exercise its right to arbitrate. Given that the Court is to review the totality of the circumstances, the undersigned finds that a single late payment, without more, is insufficient to find that Defendant waived its right to arbitrate.

In addition to failing to demonstrate that Defendant acted inconsistent with its right to arbitrate, Plaintiff fails to articulate any prejudice. Contrary to Plaintiff's characterization of the facts, the arbitration here did not remain closed due to Defendant's failure to pay the arbitration fee or because AAA would no longer participate in Defendant's arbitrations. Instead, the

5

arbitration remained closed because Plaintiff objected to reopening the case after Defendant had paid the filing fee. ECF No. [11-3] at 1. AAA has specifically represented that it would arbitrate Defendant's case if Defendant paid the filing fee. Based on the documents presented to the Court, it is simply not accurate to state, as Plaintiff argues, that AAA is unwilling to arbitrate this case.

Moreover, not all the delays in the arbitration were caused by Defendant. First, Plaintiff was ordered to arbitration on January 31, 2019, but did not begin arbitration proceedings until June 12, 2019. Second, as evidenced by AAA's correspondence, Plaintiff himself did not initially pay his full filing fee. Third, on September 9, 2019, Plaintiff objected to the reopening of the arbitration and requested AAA to keep the arbitration closed. As such, the undersigned finds that the delays in arbitrating this case have not been entirely caused by Defendant's delayed payment of the filing fee. Notably, there is no evidence that Defendant acted in bad faith, and AAA remains a viable arbitration forum.

### III.   RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion, ECF No. [10], be **DENIED**.

### IV.   OBJECTIONS

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Any request for an extension of this deadline must be made within five (5) calendar days from the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this

Report and Recommendation to which the parties failed to object. 28 U.S.C. § 636(b)(1); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of October, 2019.

_____
JACQUELINE BECERRA
United States Magistrate Judge